UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  25-60483-CIV-DAMIAN

IOT INNOVATIONS LLC,

     Plaintiff,

v.

LUTRON ELECTRONICS CO., INC.,

     Defendant.

_____/

ORDER GRANTING DEFENDANT'S
MOTION TO TRANSFER VENUE [ECF NO. 24]

**THIS CAUSE** is before the Court upon Defendant, Lutron Electronics Co., Inc.'s

("Lutron" or "Defendant"), Motion to Transfer Venue, filed on April 28, 2025. [ECF No. 24

("Motion")].

THE COURT has reviewed the Motion, the parties' briefing [ECF Nos. 41 and 42],

the Notices of Supplemental Authority and the related briefing [ECF Nos. 43, 44, 45, 46, and

48], the pertinent portions of the record, and the applicable law and is otherwise fully advised.

For the following reasons, this Court finds that the Motion is due to be granted.

## I.   BACKGROUND

On March 12, 2025, Plaintiff, IoT Innovations LLC ("IoT" or "Plaintiff"), filed the

Complaint in this action alleging patent infringement against Lutron. [ECF No. 1].  On April

28, 2025, Lutron filed the Motion now before this Court seeking to transfer this case to the

Central District of California under the first-filed rule, or, alternatively, pursuant to 28 U.S.C.

§ 1404(a). *See generally* Mot. In the Motion to Transfer, Lutron indicates that IoT filed a patent

infringement case against Lutron in the Central District of California approximately four months before IoT filed the Complaint in this case in this District. *See IoT Innovations LLC v. Lutron Electronics Co., Inc.*, No. 2:24-cv-10320-SRM-AS (C.D. Cal.) (the "California Action").

On May 12, 2025, in lieu of responding to the Motion to Transfer, IoT filed a motion for leave to conduct expedited venue discovery and for additional time to respond to the Motion to Transfer. [ECF No. 26]. Thereafter, on June 2, 2025, IoT filed an Amended Complaint, the operative pleading. [ECF No. 35]. On June 16, 2025, Lutron filed a Motion to Dismiss the Amended Complaint. [ECF No. 37].

On July 24, 2025, the Magistrate Judge denied IoT's motion for leave to conduct expedited venue discovery pending the undersigned's determination of Lutron's first-filed transfer argument within the Motion to Transfer. *See* ECF No. 40. The Magistrate Judge also directed IoT to respond to Lutron's first-filed argument. On August 7, 2025, IoT filed a Response [ECF No. 41] to the Motion to Transfer, and on August 14, 2025, Lutron filed a Reply. [ECF No. 42]. Thus, the Motion to Transfer became ripe for adjudication on August 14, 2025.

While the Motion to Transfer was pending before this Court, on November 25, 2025, the district court in the California Action granted Lutron's motion to dismiss IoT's Complaint in that case with prejudice. *See* ECF No. 43-1. On November 26, 2025, Lutron filed a Notice of Supplemental Authority and attached a copy of the Order granting Lutron's motion and dismissing IoT's Complaint in the California Action. [ECF Nos. 43, 43-1]. On December 2, 2025, IoT filed a Response to Lutron's Notice [ECF No. 44], and, on December 4, 2025, IoT filed a Notice of Supplement Authority asserting that since the first-filed case was dismissed and is no longer pending, Lutron's argument for transfer based on the first-filed rule is moot [ECF No. 45]. On December 9, 2025, Lutron filed a Reply in support of its Notice addressing

IoT's argument that the first-filed rule no longer applies since the California Action was dismissed. [ECF No. 46]. And on March 20, 2026, Lutron filed a Notice of Supplemental Authority regarding recent decisions addressing issues raised in the pending Motion to Dismiss. [ECF No. 48].

This Court now addresses the Motion to Transfer, which is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

### A.  The First-Filed Rule.

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). Thus, "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Id.* (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)). The first-filed rule is well established. *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982); *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (describing the first-filed rule as "well-established"); *Church of Scientology of Cal. v. United States Dep't of Defense*, 611 F.2d 738, 750 (9th Cir. 1979) (noting that the first-filed rule "should not be disregarded lightly").

"The 'first to file' rule is grounded in principles of comity and sound judicial administration . . . . 'The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Save Power Ltd. v. Syntek Fin. Corp.*, 121

F.3d 947, 950 (5th Cir. 1997) (quoting *West GulfMaritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)). The first-filed rule "not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Id.* Therefore, the rule was developed because "[c]ompeting lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012) (King, J.).

When evaluating the first-filed rule, the Court must consider three factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Women's Choice Pharms., LLC v. Rook Pharms., Inc.*, No. 16-cv-62074, 2016 WL 6600438, at *2 (S.D. Fla. Nov. 8, 2016) (Bloom, J.); *Chapman v. Progressive Am. Ins. Co.*, No. 3:17-cv-102, 2017 WL 3124186, at *1 (N.D. Fla. July 24, 2017). If the court finds that the first-to-file rule applies, then the party objecting to jurisdiction in the first-filed forum bears the burden of demonstrating that "compelling circumstances" support an exception to the rule. *Lianne Yao v. Ulta Beauty Inc.*, No. 18-22213-CIV, 2018 WL 4208324, at *1 (S.D. Fla. Aug. 8, 2018) (Altonaga, J.). "Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping." *Belacon Pallet Servs, LLC v. Amerifreight, Inc.*, No. 15cv191, 2016 WL 8999936, at *4 (N.D. Fla. Mar. 26, 2016). (citation omitted). If the presumption holds, then the district court can either stay, dismiss, or transfer the second-filed case to the forum in which the first-filed action is pending. *See Futurewei Tech., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 709 (Fed. Cir. 2013).

The first-to-file rule does not require rigid or inflexible application, but rather the rule should be applied in a manner that best serves the interests of justice. *See Philibert v. Ethicon, Inc.*, No. 04-81101, 2005 WL 525330, at *1 (S.D. Fla. Jan. 14, 2005); *Carl v. Republic Sec. Bank*, No. 018981CIVHURLEY, 2002 WL 32167730, at *3 (S.D. Fla. Jan. 22, 2002). Thus, although the forum where the first-filed case resides is typically given priority, a court may depart from the rule "when there is a showing that the balance of convenience tips in favor of the second forum or that there are special circumstances which justify giving priority to the second action." *Philibert*, 2005 WL 525330, at *1 (citing *Carl*, 2002 WL 32167730, at *3).

The Court has broad discretion in determining whether to stay, dismiss, or transfer litigation in order to avoid duplicating a proceeding already pending in another federal court. *Glover v. Philip Morris USA*, 380 F. Supp. 2d 1279, 1285 (M.D. Fla. 2005); *see Martin v. Akers Bioscience, Inc.*, No. 8:14-CV-2835-VMC-TGW, 2014 WL 7225412, at *3 (M.D. Fla. Dec. 17, 2014). Relevant here, the dismissal of the first-filed action does not preclude a court from using its discretion to apply the first-filed rule. *See MSP Recovery Claims Series 44, LLC v. Pfizer, Inc.*, No. 21-23676-CIV, 2022 WL 17484308, at *2 (S.D. Fla. Nov. 10, 2022) (Moreno, J.); *see also Abreu v. Pfizer, Inc.*, No. 21-62122-CIV, 2022 WL 2355541, at *24 (S.D. Fla. June 22, 2022) (Goodman, M.J.), *report and recommendation adopted*, 2022 WL 3370932 (Aug. 16, 2022) (Moreno, J.).

### B. 28 U.S.C. § 1404(a).

A district court "may transfer any civil action to any other district or division where it might have been brought" if the transfer would make the litigation more convenient or would otherwise serve the interests of justice. 28 U.S.C. § 1404(a); *In re Ricoh Corp.*, 870 F.2d 570,

572 (11th Cir. 1989). The Court considers nine factors when assessing whether transfer would serve the interests of justice:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel*, 430 F.3d at 1135 n.1.

"[C]ourts have wide discretion to evaluate the interests of justice and convenience on a case-by-case basis." *Beckman Coulter, Inc. v. Sysmex America, Inc.*, No. 17-24049-CIV, 2018 WL 4901407, at *3 (S.D. Fla. Sept. 26, 2018) (quoting *Manuel*, 430 F.3d at 1135 n.1). This discretionary decision will not be disturbed absent abuse. *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006).

## III.   DISCUSSION

In the Motion, Lutron seeks to transfer this case pursuant to either the first-filed rule or 28 U.S.C. § 1404. Lutron argues that the first-filed rule applies given the sequencing of the cases and the substantial similarity of the parties and issues. *See generally* Mot.

IoT opposes the requested transfer of venue. First, IoT disputes the applicability of the first-filed rule to this action. IoT argues that the first-filed rule cannot apply because the California Action was dismissed and is no longer pending. In this regard, IoT takes the position that dismissal of the earlier filed action precludes this Court from applying the first-filed rule. Further, IoT argues that even if the first-filed rule applies, the issues raised in the two actions are not sufficiently similar.

As a preliminary matter, upon careful consideration of relevant authorities regarding the application of the first-filed rule following dismissal of the first-filed action, as well as review of the issues raised in this action vis-à-vis those raised in the California Action, the undersigned agrees with Lutron that the dismissal of the first-filed California Action does not preclude this Court from using its discretion to apply the first-filed rule. *See Abreu v. Pfizer, Inc.*, No. 21-62122-CIV, 2022 WL 2355541, at *24 (S.D. Fla. June 22, 2022) (Goodman, M.J.) (holding that, "[d]espite the fact that both earlier-filed Southern District of New York cases have been dismissed [one with prejudice on the merits and the other voluntarily dismissed], Defendant has still established the three elements necessary to invoke the first-filed rule" and granting transfer), *report and recommendation adopted,* 2022 WL 3370932 (Aug. 16, 2022) (Moreno, J.); *MSP Recovery Claims Series 44, LLC v. Pfizer, Inc.*, No. 21-23676-CIV, 2022 WL 17484308, at *2 (S.D. Fla. Nov. 10, 2022) (Moreno, J.) ("Just as in *Abreu*, the Court holds that the dismissal of *Harris* does not preclude the Court from applying the first-filed doctrine."); *Vyas v. Taglich Bros., Inc.*, No. 8:22-CV-1515-CEH-JSS, 2023 WL 5938355, at *3 (M.D. Fla. Sept. 12, 2023) ("The dismissal of the first-filed action does not preclude a court from using its discretion to apply the first-filed rule."). And where, as here, the first-filed action is pending appeal, district courts frequently apply the first-filed rule. *See, e.g., Miccosukee Tribe of Indians of Fla. v. U.S. Dep't of Treasury*, No. 20-CV-23182-KMW, 2020 WL 9720369, at *3 (S.D. Fla. Oct. 1, 2020) (Williams, J.) (collecting cases) ("Courts have routinely applied the first-filed rule when the dismissal of the earlier-filed case is pending on appeal."); *United States ex rel. Olhausen v. Arriva Med., LLC*, No. 21-23916-CIV, 2025 WL 985722, at *1–2 (S.D. Fla. Apr. 2, 2025) (Scola, J.) (first-filed case remains "pending" where an appeal is ongoing, because a contrary conclusion would "frustrate" the doctrine and risk parallel actions upon

reversal); *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1019-1020 (N.D. Cal. 2020) ("Courts often apply the first-to-file rule where, as here, the first-filed case has been dismissed and is pending on appeal and the appeal may resolve the very questions raised in the later-filed case.").

Therefore, this Court concludes that the dismissal of the California Action does not preclude application of the first-filed rule now.

### A. The First-Filed Rule Factors.

After careful consideration of the relevant factors, this Court finds that transfer of this action to the Central District of California is warranted. Lutron has met its burden to establish each of the factors entitling it to the "strong presumption . . . that favors the forum of the first-filed suit under the first-filed rule." *Manuel*, 430 F.3d at 1135.

Initially, there is no dispute as to the first two elements of the rule — the chronology of the actions and the similarity of the parties. The California Action was filed in November 2024, approximately four months before IoT filed the instant case in this District in March 2025. Thus, the California Action is the first-filed suit and is therefore entitled to a strong presumption favoring that forum. *See Manuel*, 430 F.3d at 1135. On the second factor, the parties in both actions are identical and, in fact, share the same counsel in both actions.[1]

The question then is whether the issues in this action are sufficiently similar to the issues in the California action to warrant transfer.

The first-to-file rule does not require that the complaints be "mirror-images" of each other; instead, "[w]hat is required is a similarity or an overlapping in subject matter." *Marrero v. Laundress, LLC*, No. 2:23-cv-00519, 2024 WL 478370, at *3 (M.D. Fla. Jan. 26, 2024) (citing

---

[1] *See* Declaration of James C. Yoon in support of the Motion to Transfer [ECF No. 24-1] ¶ 2.

*Rudolph and Me, Inc. v. Ornament Cent., LLC.*, No. 8:11-cv-670-T-33EAJ, 2011 WL 3919711, at *3 (M.D. Fla. Sept. 7, 2011)); *see also Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) (explaining that "[a]ll that need be present is that the two actions involve closely related questions or common subject matter . . . . The cases need not be identical to be duplicative"); *Gratuity Sols. LLC v. Toast, Inc.*, No. 2:24-cv-737, 2025 WL 1023745, at *2 (M.D. Fla. Apr. 7, 2025) (same); *see also Abreu*, 2022 WL 481184, at *7 (finding that the two actions were substantially similar even though the claims were not identical because "each action involve[d] the same core of operative facts and will involve similar, if not identical, questions of law").

Therefore, when considering whether a later-filed case should be dismissed or transferred, "[t]he crucial inquiry is one of 'substantial overlap'" between the cases. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 948 (5th Cir. 1997) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). When the overlap between the two cases is not complete, the Court will consider factors such as "the extent of the overlap, the likelihood of conflict, the comparative advantage and interest of each forum in resolving the dispute." *Save Power*, 121 F.3d at 951 (quoting *TPM Holdings, Inc. v. Intra-Gold Indus, Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). As a district court in the Eastern District of Texas observed, "[i]n patent cases, courts determining whether cases were substantially similar have examined whether they involved the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *SIPCO, LLC v. Emerson Elec. Co.*, No. 6:15-CV-907, 2016 WL 7743496, at *3 (E.D. Tex. July 1, 2016).

In the Motion, Lutron argues that there is substantial overlap in the allegedly infringing Lutron products and in the underlying technology in both cases. Mot. at 14–15.[2] Lutron includes a comparison of the accused products at issue in the Amended Complaint in this matter and those in the Amended Complaint in the California Action in support of its argument that there is sufficient similarity and overlapping subject matter that weighs in favor of transfer. *See* Mot. at 10–12. In both cases, IoT asserts patent infringement claims against the same defendant, Lutron, based on technologies in substantially the same allegedly infringing products. And IoT seeks the same relief in both actions, including injunctive and monetary relief pursuant to the same statutory authority under the Patent Act, 35 U.S.C. § 284. Lutron argues that beyond their overlapping claim terms, inventors, and assignees, both patent groups at issue in the two actions concern interrelated technologies for device communication and information management, resulting in the same, or largely overlapping, accused products. Notably, in its Response, IoT admits that there will be "overlap in discovery concerning the technical operation of products that are at issue in both cases [ ] due to ***overlap in the products accused of infringement***." Resp. at 4 (emphasis added).

Despite these overwhelming similarities, IoT argues that transfer is not warranted because there is no overlap in the factual determinations to be made in both cases. According to IoT, the two actions involve "totally distinct patents and technologies such that there will be no overlap in factual determinations, claim construction, invalidity arguments, or infringement claims between the cases." Resp. at 4. More specifically, IoT asserts that "[w]hile the patents in this case are directed to network and systems level technologies like IP packet classification, device registration, signal modulation, and time-critical scheduling, the

---

[2] This Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

patents in the California Case are directed primarily to device-side behavior and user-interaction logic, including security for mobile devices, proactive caching, heterogeneous data synchronization, and other application-equipped devices." *Id*. IoT's argument is therefore premised on its assertion that the two groups of patents at issue in both actions involve "distinct technological applications, even if the accused products overlap." *Id.* at 14. But such technicalities are not a basis for finding that the first-filed rule does not apply. Indeed, a review of relevant authority reflects that many district courts have transferred actions pursuant to the first-filed rule when presented with lawsuits asserting distinct patents targeting the same accused products that, like here, would result in overlapping discovery. *See, e.g.*, *Aventis Pharms. Inc. v. Teva Pharms. USA Inc.*, No. 2:06-CV-469, 2007 WL 2823296, *2 (E.D. Tex. Sept. 27, 2007) (transferring action, based on first-filed principles, with distinct patents describing distinct inventions but with the same accused products); *see also Gratuity Sols.*, 2025 WL 1023745, at *2 (transferring trade secret action to venue where patent infringement action was pending because of a "significant overlap in [] discovery"); *SIPCO, LLC v. Emerson Elec. Co.*, 2016 WL 7743496, at *2 (E.D. Tex. July 1, 2016) (transfer warranted where actions "involved the same parties, the same technology, the same inventors, overlapping remedies, [or] the same witnesses[]").

This Court finds that there is substantial overlap in subject matter between the two actions at issue here. *See Manuel*, 430 F.3d at 1135. Furthermore, the touchstone of the first-filed rule is judicial efficiency. *See Gratuity Sols.*, 2025 WL 1023745, at *2. As Lutron points out in its Notice of Supplemental Authority, in December 2025, the District Court in the California Action granted Lutron's motion to dismiss with prejudice, after which IoT filed a notice of appeal, which is pending in the Federal Circuit. *See IoT Innovations LLC v. Lutron*

*Electronics Co., Inc.*, No. 26-1297 (Fed. Cir.). In fact, in the Motion to Dismiss pending before this Court, Lutron seeks a ruling on many of the same legal issues that were raised and ruled upon in the California Action. *See generally* ECF No. 37. For example, in the Motion to Dismiss pending before this Court, Lutron argues that the asserted patents at issue in this case are patent-ineligible abstract ideas with no inventive concept — an issue which Lutron raised in its motion to dismiss with respect to the patents at issue in the California Action. In a thorough patent-by-patent analysis, the district court in the California Action granted Lutron's motion to dismiss IoT's Complaint with prejudice and concluded that a representative claim from each asserted patent was directed to an abstract idea and lacked any inventive concept beyond generic computer implementation. *See* Order Granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, No. 24-cv-10320-SRM-AS (C.D. Cal.) [ECF No. 43-1 at 15–27]. Because every asserted patent was deemed to claim an abstract idea without an inventive concept, the court held that they were all patent-ineligible. *Id.* Although the patents asserted in this case are not identical to the patents in the California Action, District Judge Serena R. Murillo has extensive familiarity with the parties to this case, the accused products, the theories of infringement, and prior art references potentially (if not actually) relevant to the issues in this case. *See Aventis*, 2007 WL 2823296, at *2.

Therefore, in the interest of judicial efficiency and comity in not having two courts decide substantially similar issues between the same parties, transfer of the instant second-filed suit to the Central District of California is warranted.

### B. Exceptions To The First-To-File Rule.

As Lutron has established all three factors to support transfer to the Central District of California, the burden shifts to IoT to establish that "compelling circumstances" warrant an

exception to the first-filed rule. *Manuel*, 430 F.3d at 1135 ("[W]e require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule."). "Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping." *Chaban Wellness LLC v. Sundesa, LLC*, No. 15-CV-21497, 2015 WL 4538804, at *2 (S.D. Fla. July 27, 2015) (Cooke, J.) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)).

Here, IoT has not proffered any "compelling circumstances" to warrant an exception to the first-filed rule. While federal courts ordinarily accord deference to a plaintiff's choice of forum, this Court does not find IoT's forum preference to be a "compelling circumstance" that warrants an exception to the first-filed-rule.[3] *See Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.").

The first-filed rule is intended to prevent inconsistent judgments, and Lutron's request to transfer this case to the Central District of California pursuant to the first-filed rule furthers that intent in light of Judge Murillo's dispositive ruling on the merits of Lutron's motion to dismiss in the California Action. Because the application of the first-to-file rule is dispositive, this Court declines to address Lutron's argument for transfer pursuant to 28 U.S.C. § 1404. *See Women's Choice*, 2016 WL 6600438, at *5.

## IV.   CONCLUSION

Because all three factors of the first-filed rule apply and there is an absence of compelling circumstances warranting a departure from application of this rule, this Court finds that transfer to the Central District of California is appropriate.

---

[3] Frankly, it is not altogether clear why IoT chose to file this action here.

Accordingly, for the reasons set forth above, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Transfer Venue [**ECF No. 24**] is **GRANTED**.

2. The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Central District of California.

3. The Motion to Dismiss [**ECF No. 37**] is **DENIED WITHOUT PREJUDICE**. Defendant may re-raise its dismissal arguments before the District Court in the Central District of California.

4. The Clerk of Court is directed to **CLOSE** this case in this District.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 30th day of March, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record